```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 8 2007
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOSEPH FOSTER,

        Petitioner,

    -v-                                              No. 03 Civ. 3629 (LTS)(DCF)

WILLIAM PHILLIPS, Superintendent,
Green Haven Correctional Facility,

        Respondent.
-------------------------------------------------------x

LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

### MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

        On January 30, 2006, Magistrate Judge Debra C. Freeman issued a Report and Recommendation ("Report") recommending that the May 20, 2003, pro se petition of Joseph Foster ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Petitioner submitted his Objection to the Report and Recommendation on February 9, 2006, ("Objection"). This case has been transferred to the docket of the undersigned.

        When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2006). The court must make a de novo determination to the extent that a petitioner makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate

Copies mailed Pro Se Pet., counsel for Resp.
Chambers of Judge Swain +MJ 8/27/07

Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Pro se petitioners are generally accorded leniency when making objections. Walker v. Vaughn, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting Vasquez v. Reynolds, No. 00 Civ. 0862, 2002 WL 417183 at *5 (S.D.N.Y. Mar. 18, 2002)). Nonetheless, a petitioner's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no petitioner be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

In his supplemental papers, Petitioner concedes that his habeas petition was untimely. (See Declaration of Joseph Foster, dated January 3, 2006 ("1/13/06 Foster Decl.") (Dkt.11) at ¶3.) Petitioner nonetheless argues that he has made a sufficient showing of "actual innocence" to overcome the statute of limitations bar, since he became aware, in December 2001, of an allegedly exculpatory document not disclosed to him prior to or during his trial. (Id. ¶¶17-18.) Judge Freeman concluded that "even if the Court were to enlarge the habeas record to include the exculpatory statement, Petitioner's showing would still be insufficient to demonstrate his actual innocence," and thus recommended that Petitioner's Petition be dismissed as time-barred. (Judge Freeman's Report and Recommendation ("R+R"), 3.) Petitioner objects to Judge Freeman's recommendation.

Petitioner makes four objections. Though his arguments are not entirely clear, the Court concludes that his objections consist of: first, an argument that he did in fact exercise reasonable diligence in pursuing his claim of actual innocence; second, an argument that when he made his attorney aware of the exculpatory statement, he did not do so only in the context of his prosecutorial misconduct claim; third, an argument that the amount of time that lapsed between

his learning of the exculpatory statement and filing the present Petition does not suggest a lack of due diligence; and fourth, that the exculpatory statement was Brady[1] material that should have been disclosed by the prosecution and that this "constitutional error" "satisf[ies], at least in spirit, the requirement of Section 2244." (Petitioner's Objections, 4.)

Petitioner's fourth objection – that the exculpatory statement was Brady material and the prosecution's failure to disclose it was a constitutional violation that satisfies the requirements of Section 2244 – is unavailing. The Court liberally construes this argument as an equitable tolling argument proffered to overcome the bar against his untimely petition. In order to satisfy the requirements of Section 2244, Plaintiff must comply with the statutorily established limitations periods. As Judge Freeman's Report and Recommendation concludes, and as Petitioner himself acknowledges, he has not done so. Even if this Court were to construe Petitioner's argument as one of "actual innocence" seeking to overcome the statute of limitations bar, it would fail. As Judge Freeman explained in her Report and Recommendation, a hearsay statement contained in a police report would not be independently admissible at trial, and thus cannot be treated as the type of reliable evidence that establishes actual innocence. (R+R 3,4.)

In light of the foregoing conclusion, the Court need not reach Petitioner's first three objections. Judge Freeman did not ultimately base her recommendation on whether or not Petitioner pursued his actual innocence claim with due diligence. Rather, she held that, "even if the Court were to enlarge the habeas record to include the exculpatory statement," the Petition would still fail. (R+R, 3. See also R+R, 4, addressing whether or not Petitioner had pursued his claim of actual innocence with due diligence and concluding, "[i]n any event, the [allegedly exculpatory] statement that Petitioner has now presented to the Court is not a sworn statement,

---

[1] Brady v. Maryland, 373 U.S. 83, 87 (1963).

but rather a hearsay statement of a witness, contained within a police report.") Because the Court has reviewed and now adopts Judge Freeman's finding regarding the admissibility of the statement and found it, it need not address her alternate holding that Petitioner's exercise of due diligence in pursuing his claim is questionable.

## CONCLUSION

Judge Freeman's Report and Recommendation, which the Court has reviewed de novo insofar as Plaintiff has raised specific objections, is hereby adopted to the extent it holds that the petition is untimely and that, in any event, Petitioner has failed to meet his evidentiary burden with respect to his claim of actual innocence. The petition for a writ of habeas corpus is denied. Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West Supp. 2006). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West Supp. 2006); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). The Court finds that Petitioner will not be able to sustain this burden. Thus, the Court declines to issue a certificate of appealability, and also denies leave to pursue any appeal in forma pauperis.

SO ORDERED.

Dated: New York, New York
       August 27, 2007

/s/ LAURA TAYLOR SWAIN
United States District Judge